**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

v.                                              Case No. 6:16-cv-338-Orl-37GJK

SEA GULL LIGHTING PRODUCTS,
LLC; and GENERATION BRANDS,
LLC,

        Defendant

---

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

v.                                              Case No. 6:16-cv-413-Orl-37GJK

NICOR, INC.,

        Defendant

---

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

v.                                              Case No. 6:16-cv-1087-Orl-37GJK

AMERICAN DE ROSA LAMPARTS,
LLC,

        Defendant

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

v.                                                                        Case No. 6:16-cv-1255-Orl-37GJK

TECHNICAL CONSUMER PRODUCTS,
INC.,

        Defendant,

---

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

v.                                                                   Case No. 6:16-cv-1256-Orl-37GJK

SATCO PRODUCTS, INC.,

        Defendant

---

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

v.                                                                   Case No. 6:16-cv-1321-Orl-37GJK

AMAX LIGHTING,

        Defendant

---

**ORDER**

The six patent infringement actions identified above ("**Related Actions**") are before the Court on its own review.

## BACKGROUND

Alleging infringement of three U.S. Patents ("**Patents-in-Suit**")—numbered 8,201,968 ("**'968 Patent**"), 8,672,518 ("**'518 Patent**"), and 8,967,844 ("**'844 Patent**")—patentee Lighting Science Group Corporation ("**Plaintiff**") initiated the Related Actions in 2016.[1] Among others,[2] Plaintiff sued:

(1) Sea Gull Lighting Products, LLC and Generation Brands, LLC ("**Sea Gull Defendants**") in case 6:16-cv-338-Orl-37GJK ("**Sea Gull Action**");

(2) Nicor, Inc. ("**Nicor**") in case 6:16-cv-413-Orl-37GJK ("**Nicor Action**");

(3) American De Rosa Lamparts, LLC ("**Luminance**") in case 6:16-cv-1087-37GJK ("**Luminance Action**");

(4) Technical Consumer Products, Inc. ("**TCP**") in case 6:16-cv-1255-37GJK ("**TCP Action**");

(5) Satco Products, Inc. ("**Satco**") in case 6:16-cv-1256-Orl-37GJK ("**Satco Action**"); and

(6) Amax Lighting ("**Amax**") in case 6:16-cv-1321-Orl-37GJK ("**Amax Action**").

To facilitate resolution of infringement, invalidity, and other claims and defenses raised in patent infringement actions, the courts must construe any disputed claim terms.[3] Because the same Patents-in-Suit are at issue in all but one of the Related

---

[1] Some of the Related Actions were initially assigned to other judicial officers, but—to avoid duplication of efforts and waste of judicial resources—they were reassigned to the Undersigned in accordance with Local Rule 1.04(b). (*E.g.*, Amax Action, Doc. 6.)

[2] Plaintiff filed—but has settled or dismissed—several other patent actions that claimed damages for infringement of the same Patents-in-Suit.

[3] "Claim construction is an issue of law" for the courts to resolve. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

3

Actions,[4] the Court anticipates that the parties will request construction of many of the same claim terms. Indeed, in the Sea Gull and Nicor Actions, the parties' joint claim construction statements ("**CC Statement**") show that the parties have identified the same seven disputed claim terms (*see* Sea Gull Action, Doc. 41; Nicor Action, Doc. 64):

|   | **Claim Term** | **Patents/Claims** |
|---|---|---|
| 1 | "disposed around and coupled to an outer periphery of the heat spreader" | '968 Patent, Claim 1 |
| 2 | "disposed around . . . an outer periphery of the heat spreader" | '844 Patent, Claims 1, 24 |
| 3 | "the heat spreader and heat sink are integrally formed" | '968 Patent, Claim 2<br>'844 Patent, Claim 7[5] |
| 4 | "a heat spreader and a heat sink thermally coupled to the heat spreader" | '968 Patent, Claims 1 & 20 |
| 5 | "a heat spreader and a heat sink, the heat sink . . . in thermal communication with . . . the heat spreader" | '844 Patent, Claims 1 & 24 |
| 6 | "a power conditioner . . . configured . . . to provide DC voltage" | '844 Patent, Claim 1 & 24 |
| 7 | "disposed diametrically outboard" | '968 Patent, Claim 20<br>'844 Patent, Claim 22 |

In the Nicor Action, eight additional disputed claim terms are identified in the CC Statement: (a) three terms from the '518 Patent—(1) "a heat spreader; a heat sink disposed in thermal communication with the heat spreader" (Claim 1), (2) "disposed around and coupled to an outer periphery of the heat spreader" (Claim 1), and (3) "an

---

[4] (*See* Sea Gull Action, Doc. 35 (alleging infringement of the '968 and '844 Patents, but not the '518 Patent).)

[5] Although some disputed claim terms appear in more than one of the Patents-in-Suit, the Court must consult different claim language and specifications in construing such claims. Courts must "consult the intrinsic record, which includes the specification and prosecution history." *See Kaneka Corp. v. Xiamen Kingdomway Grp. Co.*, 790 F.3d 1298, 1304 (Fed. Cir. 2015). Thus, such disputed claim terms should be counted separately for purposes of the ten-claim limit set forth in the CMSO. (*See infra* n.6.)

accessory kit" (Claims 1, 2, 7, 12, & 13); and (b) five terms from the '968 Patent—"heat spreader," "heat sink," "ring shaped," "outer periphery," and "integrally formed."[6] (*See* Doc. 64, pp. 2, 3.)

## DISCUSSION

In presiding over these Related Actions, the Court must construe, administer, and apply the Federal Rules of Civil Procedure to secure "just, speedy, and inexpensive" resolutions of each action. *See* Fed. R. Civ. P. 1. Where identical patents are at issue in multiple infringement actions, courts have achieved these goals by consolidating the proceedings for purposes of claim construction. *See Patent Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 4431574, at *1 (M.D. Fla. Aug. 22, 2016); *Brandywine Comms. Techs., LLC v. Apple Inc.*, No. 6:11-cv-36KRS, 2012 WL 527057, at *3 (M.D. Fla. Jan. 24, 2012); *but see* 35 U.S.C. § 299(b) (providing that patent infringement defendants may not be joined and infringement trials may not be consolidated "based solely on allegations" that the defendant "each have infringed" the same patents-in-suit).

Here, after receipt of the parties' Case Management Reports ("**CMR**"), the Court entered Case Management and Scheduling Orders ("**CMSO**") in each Related Action. (*E.g.* Amax Action, Doc. 35.) Given the varied CMRs and initial filing dates for each Related Action, the Court set different dates ("**Deadlines**") in each CMSO for, among

---

[6] Contending that certain terms have a plain and ordinary meaning, Plaintiff offers no alternative constructions for: (1) "a heat spreader; a heat sink disposed in thermal communication with the heat spreader," (2) "an accessory kit," and (3) "integrally formed." (*See id.*) Nonetheless, it appears that the parties in the Nicor Action have ignored the Court's warning that: "absent leave of Court, construction of more than (10) claims terms is highly disfavored and will not be permitted except in extenuating circumstances." (*E.g.* Nicor Action, Doc. 34, p. 4.) Hence the Court will require that the parties in the Nicor Action either: (1) identify only ten claim terms to be construed; or (2) establish "extenuating circumstances" justifying departure from the ten-claim limit.

other things: (1) technology tutorials ("**Tutorial**"); (2) the CC Statement and the Pre-Hearing Statement ("**PH Statement**"); (3) Plaintiff's Claim Construction Brief ("**CC Brief**"); (4) Defendants' Claim Construction Brief ("**Response Brief**"); (5) and the Claim Construction Hearing ("**CC Hearing**"). As reflected in the table below, multiple Tutorials, CC Hearings, and filing deadlines are set in each Related Action:

|  | Tutorial | CC Statement | CC Brief | Response Brief | PH Statement | CC Hearing |
|---|---|---|---|---|---|---|
| Sea Gull Action | Cancelled | Filed (Doc. 41) | Filed (Doc. 44) | Filed (Doc. 48) | 1/30/17 | **3/1/17** |
| Nicor Action | Cancelled | Filed (Doc. 64) | Filed (Doc. 79) | 2/6/17 | 2/13/17 | **3/3/17** |
| Luminance Action | Cancelled | 2/13/17 | 3/27/17 | 4/27/17 | 5/4/17 | **5/19/17** |
| TCP Action | 3/27/17 | 3/14/17 | 5/11/17 | 6/12/17 | 6/19/17 | **7/10/17** |
| Satco Action | 4/14/17 | 3/3/17 | 5/15/17 | 6/12/17 | 6/19/17 | **7/7/17** |
| Amax Action | 4/7/17 | 3/17/17 | 5/15/17 | 6/15/17 | 6/22/17 | **7/14/17** |

Upon consideration, the Court finds that these varied deadlines creates an unnecessary risk of inconsistent rulings, duplicative proceedings, delay, and waste of judicial resources. To minimize these issues and comply with the requirements of Rule 1 of the Federal Rules of Civil Procedure, the Court will revise the Deadlines and hearing dates after receipt of recommendations from the parties. *See Bright House*, 2016 WL 4431574, at *1 (requiring that the parties in five related patent infringement actions agree to consistent pre-trial deadlines and a single claim construction hearing); *Brandywine*, 2012 WL 527057, at *3 (noting that "coordinated case management" permits a "unified approach to issues of claim construction and validity of the same" patents).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) On or before **February 3, 2016**, all parties in the Related Actions shall conduct a single meeting—in person, telephonically, or both—to discuss and determine the best procedures and deadlines to resolve these Related Actions without duplicative efforts, risk of inconsistent rulings, waste of resources, or unnecessary delay.

At a minimum, the parties are **DIRECTED** to choose: (a) one date for a joint Tutorial (if one is needed); (b) one date for a joint CC Hearing; and (c) new deadlines for joint submission of the CC Statement, CC Brief, Response Brief, and PH Statement.

(2) On or before **February 7, 2016**, the parties shall jointly file a written Report, which summaries: (a) the parties' new proposed deadlines and hearing dates; and (b) any other recommendations for the Court concerning the efficient management of these Related Actions through trial.

(3) On or before **February 7, 2016**, the parties in the Nicor Action shall file a written notice with the Court, which does one of two things: (1) identifies only ten claim terms to be construed; or (2) establishes "extenuating circumstances" justifying departure from the ten-claim limit.

(4) On or before **February 10, 2016**, the Court will either file a single revised Case Management Report for the Related Actions or will set the matter for a scheduling hearing which

all parties must attend.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 26, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record